Clement, J.,
This action was brought by an administrator under the statute to recover damages for the death of one Catharine Minner. It was admitted at the trial that she died from the effects of strychnine in a pill and that the prescription for the pills was made up by the defendant, a druggist in this city. The strychnine was used in place of mono-bromide of camphor, a harmless medicine. It is contended by the defendant that there was no contract between the deceased and the *852 defendant and that the prescription was filled for Ethelinda Meyer, a daughter of deceased. That is was necessary for the plaintiff to prove that the prescription was ordered to be filled by the deceased or to prove that she would be liable to pay for the same if it had been properly made up, it is not necessary for us to decide, as there was sufficient proof in the case to go to the jury on the question of an express contract, and the motion for the dismissal of the complaint was therefore properly denied.
We think that there was sufficient proof of negligence of the-defendant to require the submission of that question also to-the jury.
Without the testimony of Dr. Hager, the plaintiff made out. a prima facie case.
If a druggist uses strychnine when a preparation of camphor,, in a prescription is called for, it is needless to say that, without explanation, the proof of negligence on his part is established.
In this case there was proof by Dr. Hager that another party (Mrs. Schaefer), who had taken medicine prepared from the-same jar by defendant, had symptoms similar to those of deceased-
Dr. Hager testified also that he had a conversation as to Mrs. Schaefer, with the defendant before the prescription was filled for the deceased. “ I told him I had a great deal of trouble with the lady and I did not think it was because of the pills. I could not believe that there was anything wrong with the-pills.”
If such conversation took place, whether the defendant should use the same medicine again without an examination was a question for the jury. There was testimony tending to show that by a simple process the defendant could have ascertained whether the jar contained mono-bromide of camphor or not.
The defendant gave his explanation of the mistake and whether the same was true or not, was a question of fact and to be decided by the jury and not by the court. The plaintiff could well contend before the jury that the eight or ten persons who had taken medicine prior in time to Mrs. Schaefer and the deceased, prepared from the same jar, and suffered no ill effects, had not taken strychnine, a deadly poison, and that therefore-the strychnine had been placed in the jar shortly before the prescription had been filled for Mrs. Schaefer. How it got there was for the defendant to explain to the satisfaction of a jury : and having failed to do so, this court ought not to interfere with their verdict.
We have examined the exceptions in the case and find no error.
Judgment ana order denying a new trial affirmed with costs»
REYNOLDS, J., concurs.